# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Southern Division)

LYNN STRANGE,

        Plaintiff,

v.

PRINCE GEORGE'S COUNTY,
MARYLAND
14741 Governor Oden Bowie Dr.
Suite 3151
Upper Marlboro, MD 20772

        Defendant.

Civil Action No.

## COMPLAINT

### Introduction

1.    Plaintiff, a current employee of Defendant, individually and on behalf of all other similarly-situated present and past employees of Defendant, known and unknown, brings this civil action for damages stemming from Defendant's willful failure to pay Plaintiff her wages, including overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), MD. CODE ANN., LAB. & EMPL. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), MD. CODE ANN., LAB. & EMPL. §§ 3-501 *et seq.*

1

**Jurisdiction and Venue**

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) ("FLSA"), and 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      This Court has supplemental jurisdiction over the state law claims because they are so related to Plaintiff's federal FLSA claims that they form part of the same case or controversy under Article III, Section 2 of the U.S. Constitution.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) because all of the acts giving rise to this action occurred in Prince George's County, Maryland.

**Parties**

5.      Plaintiff Lynn Strange is a resident of Prince George's County, Maryland. She has been employed by Defendant from 2004 through the present.

6.      As required by the Fair Labor Standards Act at 29 U.S.C. § 216(b), Plaintiff has given her written consent to become a party to this action. A true and correct copy of Plaintiff's FLSA consent form is attached hereto as Exhibit A.

7.      Defendant Prince George's County, Maryland is a county of the State of Maryland. At all times relevant to this action, it has been a public agency within the meaning of the FLSA, 29 U.S.C. § 203(x) and Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(g), MD. CODE ANN., LAB. & EMPL. § 3-101(c); the MWHL, *id*. at § 3-401(b); and the MWPCL, *id.* at § 3-501(b).

**Statement of Facts**

8. At all times relevant to this Complaint, Plaintiff Lynn Strange has worked for Defendant Prince George's County, Maryland in its State's Attorney's Office, Juvenile Division as an Administrative Aide.

9. At all times relevant to this complaint, Plaintiff has been classified as FLSA non-exempt and paid on an hourly basis.

10. As documented in her position description, Plaintiff's duties as an Administrative Aide include the following: (1) administrative secretarial duties, including preparing reports, memoranda, letters, labels, envelopes, subpoenas, court orders, writs, and other legal documents; (2) automation duties, including updating case information on Defendant's computer system; (3) filing duties, such as maintaining the office's filing system; (4) telephone and reception duties, including answering phone calls and directing them to the proper person; and (5) other related duties, such providing back-up secretarial and reception support.

11. Plaintiff frequently works for Defendant in excess of 40 hours per week but is not compensated at the legally-required overtime rate for those hours. On many occasions, Plaintiff is not compensated at all for overtime hours that she works, even when those overtime hours are tracked in Defendant's timekeeping system.

12. In addition, Plaintiff is entitled to a 30-minute unpaid lunch break every day. Upon information and belief, Defendant automatically deducts 30 minutes from Plaintiff's total daily hours to account for this unpaid lunch break.

13. Plaintiff's caseload often requires her to work through her lunch break. However, at all times relevant to this complaint, she has not been credited for any time worked during her lunch breaks.

14. As a result, at all times relevant to this complaint, Plaintiff has not been paid for any work performed during her lunch breaks.

15. Accordingly, Defendant unlawfully failed or refused to compensate Plaintiff in full and on time for her work as required by the FLSA, 29 U.S.C.A. §§ 206(a)(1) and 207(a)(1), the MWHL, Md. Code Ann., Lab. & Empl., § 3-415(a), and the MWPCL, *id*. at § 3-505(a).

## FLSA Collective Action Allegations

16. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid overtime compensation, liquidated damages, interest and attorneys' fees and costs under the FLSA.

17. Plaintiff brings these FLSA claims on her own behalf and on behalf of other similarly-situated workers employed by Defendant who were denied their full wages and proper overtime compensation for at least the last three years prior to the filing of this Complaint and through the final disposition of this action.

18. The individuals on behalf of whom Plaintiff brings this collective action are similarly situated because they have been or are employed in the same or similar positions as Plaintiff, had or have the same duties as Plaintiff, were or are subject to the same or similar unlawful payment practices, and have claims based upon the same legal theory.

19. These similarly-situated employees are known only to Defendant, are readily identifiable, and may be located through Defendant's records. They may be readily notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

**Class Action Allegations**

20. Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23(b)(3), as to claims for unpaid wages, including overtime compensation, under the MWHL and the MWPCL.

21. Plaintiff brings this class action on behalf of herself and a class of all past and present employees of Defendant during the relevant statutory period.

22. The class is so numerous that joinder of all such persons individually is impractical.

23. Plaintiff and the class have all been similarly affected by Defendant's failures to fully and timely compensate their employees.

24. There are questions of law or fact common to the class that predominate over any questions affecting only individual members, which include, but are not limited to, the following:

   a) Whether Defendant unlawfully failed or refused to compensate the Plaintiff Class in full and on time for their work as required by the MWHL, MD. CODE ANN., LAB. & EMPL., § 3-415(a) and the MWPCL, *id.* at § 3-502(a);

   b) Whether Defendant unlawfully failed or refused to compensate members of the Plaintiff Class at the rate of 1.5 times their regular hourly rate for all overtime worked as required by MWHL, MD. CODE ANN., LAB. & EMPL., § 3-415(a);

   c) Whether Defendant's unlawful failures or refusals to fully compensate the Plaintiff Class were the result of a bona fide dispute pursuant to MWPCL, MD. CODE ANN., LAB. & EMPL., § 3-507.2.

25. Plaintiff's claims are typical of the claims of the above described class because: a) Plaintiff is a member of the class; b) the interests of Plaintiff are co-extensive with the interests of the other members of the class; c) Plaintiff's claims arise out of the same unlawful practices, policies and/or course of conduct that form the basis of the claims of the class; d) Plaintiff's claims are based on the same legal and remedial theories as those of the class; e) there is a lack of adverse interests between Plaintiff and the other members of the class; and f) common questions exist.

26. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in litigating employment actions, including wage and hour class actions and collective actions.

27. Plaintiff will fairly and adequately protect the interests of the class.

28. The common questions of law and fact regarding Defendant's illegal payment practices and Defendant's related violations of Maryland's wage laws predominate over any individual differences in class members' claims.

29. A class action is superior to other available methods for the fair and efficient adjudication of the class claims under Maryland's wage laws and, pursuant to Fed. R. Civ. P. 23(b)(3), this case should proceed as a class action with respect to the unpaid wages and damages owed to Plaintiff and the putative class members.

30. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a serious hardship to members of the class, the Court and the Defendant.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

31. Because members of the class were subject to the same unlawful payment policies and procedures, class members have little interest in individually controlling the prosecution of separate actions and, in most if not all cases, would be unlikely to obtain counsel to adjudicate their individual claims.

32. To date, on information and belief, separate litigation has not commenced against this Defendant for the unlawful payment practices at issue here.

33. The case does not present individualized or exceedingly complex factual or legal issues that would render management of the suit as a class action difficult.  Rather, Plaintiff and the class she seeks to represent were all subject to the same unlawful practices that give rise to the instant complaint, and Defendant's practices and procedures present the central and overriding issues in the case.

34. The similarly-situated employees may be identified from Defendant's records and may be notified of the pendency of this Class action in the manner the Court directs.

### COUNT I
### FAIR LABOR STANDARDS ACT
**(Denial of Wages Under Federal Law)**

35. Plaintiff repeats and incorporates by reference the allegations set forth above.

36. Defendant's actions violate the FLSA, 29 U.S.C. §§ 206(a)(1) and 207(a)(1).

37. Defendant is liable to Plaintiff and all other similarly-situated employees, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid wages including any overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court.

### COUNT II
### MARYLAND WAGE AND HOUR LAW
**(Denial of Wages Under Maryland Law)**

38. Plaintiff repeats and incorporates by reference the allegations set forth above.

39. Defendant unlawfully failed or refused to pay wages to Plaintiff and others similarly situated in violation of MD. CODE ANN., LAB. & EMPL. §§ 3-413(b), 3-415(a), and 3-420.

40. Defendant is liable to Plaintiff and all other similarly-situated employees, pursuant to §§ 3-427(a) and (d) of the MWHL for their unpaid wages including any overtime compensation, plus an additional equal amount as liquidated damages, reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

### COUNT III
### MARYLAND WAGE PAYMENT AND COLLECTION ACT
**(Failure to Pay All Wages Timely and Regularly)**

41. Plaintiff repeats and incorporates by reference the allegations set forth above.

42. Defendant unlawfully failed or refused to pay Plaintiff and others similarly situated all wages due, including overtime, on their regular paydays in violation of MD. CODE ANN., LAB. & EMPL. § 3-502.

43. Defendant's unlawful failure or refusal to pay all required wages in a timely and regular manner violated the MWPCL.

44. Defendant's unlawful failure or refusal to pay all required wages was not the result of a bona fide dispute as defined by the MWPCL.

45. Pursuant to MD. CODE ANN., LAB. & EMPL. § 3-507.2, Plaintiff and others similarly situated seek an amount equal to three times their unpaid wages, reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant them the following relief:

a) Certify this matter as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b);

b) Grant judgment against Defendant and in favor of the Plaintiff and similarly-situated workers, in the amount of each Plaintiff's and similarly-situated worker's respective unpaid wages, including overtime wages, plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

c) Certify this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3);

d) Grant judgment against Defendant and in favor of the Plaintiff in the amount of Plaintiff's unpaid wages, including overtime wages, pursuant to MWHL, MD. CODE ANN., LAB. & EMPL. §§ 3-427(a) and (d);

e) Grant judgment against Defendant and in favor of the Plaintiff in the amount equal to three times Plaintiff's unpaid wages, including overtime wages, pursuant to the MWPCL, MD. CODE ANN., LAB. & EMPL. § 3-507.2;

f) Award Plaintiff pre- and post-judgment interest on all amounts owed as allowed by law;

g) Award Plaintiff costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216(b), MD. CODE ANN., LAB. & EMPL. § 3-507.2, and MD. CODE. ANN., LAB. & EMPL. § 3-427(d); and

h) Grant such other and further relief as the Court may deem just and proper.

                Respectfully submitted,

                **/s/Steven K. Hoffman**
                Steven K. Hoffman (Bar No. 07255)
                JAMES & HOFFMAN, P.C.
                1130 Connecticut Avenue, N.W., Suite 950
                Washington, D.C. 20036
                (202) 496-0500
                (202) 496-0555 facsimile
                skhoffman@jamhoff.com

                *Attorney for Plaintiff*

Dated:  September 18, 2019

# EXHIBIT A

**EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT**
**PLEASE TYPE OR PRINT CLEARLY**

I hereby consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and/or any state law regarding payment of wages to recover pay owed to me by my current or former employer. If my claim is filed as part of a collective action that is not certified or is decertified, I also consent to join any subsequent action to assert these claims.

Name (Please Print): _Lynn Strange_

Signature: _Lynn Strange_

Date: _8-15-19_

1