UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| LYNN STRANGE and<br>SHADONNA BROOKS,<br><br>    Plaintiffs,<br><br>v.<br><br>PRINCE GEORGE'S COUNTY,<br>MARYLAND,<br><br>    Defendant. | Civil Action No. TDC-19-2761 |

**MEMORANDUM OPINION**

Plaintiffs Lynn Strange and ShaDonna Brooks have filed this civil action against Defendant Prince George's County, Maryland ("the County"), alleging that it failed to pay them overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (2018), the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-431 (LexisNexis 2016), and the Maryland Wage Protection and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509. Pending before the Court is the County's Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings. The Motion is fully briefed. Having reviewed the filings, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Strange has worked for the County since 2004. At the times relevant here, she worked as an Administrative Aide in the Juvenile Division of the State's Attorney's Office for Prince

George's County. Her duties include "administrative secretarial duties," updating case information within the County's computer system, maintaining her office's filing system, "telephone and reception duties," and "providing back-up secretarial and reception support." Am. Compl. ¶ 11, ECF No. 16. She is paid on an hourly basis and is classified as "FLSA non-exempt" such that the FLSA overtime pay requirements apply to her. *Id.* ¶ 10.

In the Complaint, Strange outlines two main problems with the County's compensation. First, she alleges that she "frequently works for [the County] in excess of 40 hours per week but is not compensated at the legally-required overtime rate for those hours," and that she is often not paid at all for her overtime hours. Am. Compl. ¶ 12. She alleges that the County is aware of her overtime work because her hours are logged in the County's timekeeping system, and because managers "have observed Ms. Strange working at her desk or have seen the products of such after-hours work." *Id.* ¶ 13. Second, she alleges that although she is entitled to an unpaid 30-minute lunch break each day and the County thus automatically deducts 30 minutes from her daily hours, her caseload often requires her to work through her lunch break, but she is not credited for this work. As with her first claim, Strange alleges that the County is aware of this additional work time because its managers "have observed Ms. Strange working at her desk or have seen the products of her work performed during lunch hours." *Id.* ¶ 16.

Brooks worked for the County from March 2014 to November 2017. For the period relevant to the Complaint, she worked as a Victim/Witness Coordinator in the State's Attorney's Office. Her job duties consisted of assisting with the investigation and prosecution of child and domestic abuse cases, including by interviewing victims and witnesses, preparing them for trial, arranging for their transportation to court, and serving subpoenas. The County informed her that her position was both salaried and paid hourly, but she asserts that her job duties did not exempt

2

her from the overtime requirements in the FLSA and the MWHL. She was required to track her work hours in the County's timekeeping system but was never paid for more than 40 hours of work in a week. In fact, even though she "frequently worked for [the County] in excess of 40 hours per week," she was not paid at all for these hours. Am. Compl. ¶ 24. She alleges that the County was aware of her overtime hours "because they were recorded in [the County's] timekeeping system and because [the County's] managers observed Ms. Brooks working at her desk or saw the products of such after-hours work." *Id.* ¶ 25.

Strange filed this suit on September 18, 2019 and filed an Amended Complaint ("the Complaint") adding Brooks on November 26, 2019. They both allege that the County's wage violations were willful and seek damages for the period starting three years before they filed their claims. They also seek to bring this case as an FLSA collective action and as a class action for their MWHL and MWPCL claims. They have not, however, filed a motion for class certification at this point.

## DISCUSSION

In its Motion under Federal Rules of Civil Procedure 12(b)(6) and 12(c), the County advances several different grounds for dismissal. First, it argues that it cannot be subjected to suit under the MWHL and the MWPCL because it is a government entity. Second, it claims that the MWPCL does not allow plaintiffs to seek unpaid overtime wages as requested by Plaintiffs. Third, it argues that Plaintiffs have failed to plead sufficient facts to state a claim, both because the Complaint lacks detailed allegations regarding the failure to pay overtime and because, as to the FLSA claim, the Complaint lacks allegations that the County knew of the overtime work performed by Plaintiffs. Fourth, it argues that Plaintiffs' claims under all three statutes must be narrowed based on their respective statutes of limitations, including because the allegations are

insufficient to establish willful violations of the FLSA. Finally, it argues that this case should not be certified as a class action or collective action.

## I.   Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Federal Rule of Civil Procedure 12(c) provides that "a party may move for judgment on the pleadings" after the pleadings have been filed. Fed. R. Civ. P. 12(c). On a motion for judgment on the pleadings, the court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached to those filings, as well as any documents that are "integral to the complaint and authentic." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (quoting *Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). In resolving a Rule 12(c) motion, the court accepts as true the facts alleged in the complaint by the plaintiff and draws all reasonable factual inferences in its favor, and judgment is appropriate if the complaint fails to state a plausible claim for relief. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014).

## II.   The MWHL and the MWPCL

As an initial manner, the County argues that it is not subject to suit under either the MWHL or the MWPCL because it is a governmental entity, relying on decisions from judges in this District

4

holding that governmental entities do not fall within the definition of "employer" under either statute. Plaintiffs argue that the Court should not follow these decisions and that, analyzed properly, the statutes should be read to encompass the County.

The MWHL provides that, as relevant here, "each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage." Md. Code Ann., Lab. & Empl. § 3-415(a). For purposes of this overtime pay provision, the definition of an "employer" states that the term "includes a person who acts directly or indirectly in the interest of another employer with an employee." *Id.* § 3-401(b). In turn, a "person" is defined for purposes of the entire Labor and Employment Article as "an individual, receiver, trustee, guardian, personal representative, fiduciary, or representative of any kind and any partnership, firm, association, corporation, or other entity." *Id.* § 1-101(d). Section 1-101 also contains separate definitions for the terms "County," "Governmental unit," "Person," and "State." *Id.* § 1-101(b)-(e). The County argues that the fact that the definition of "employer" includes only "persons" and not one of the terms referencing a governmental entity signifies that the overtime requirements do not apply to it.

Plaintiffs, however, argue that the use of the word "includes" in the applicable definition of "employer" does not limit the term in a way that precludes application to governmental entities. They also note that a separate section of the MWHL that lists several specific categories of employees who are not covered by the MWHL does not include a general exemption for governmental employees. *See id.* § 3-403(1)-(14). Section 3-415 also contains exceptions to the specific MWHL overtime requirement for certain categories of employers and employees, which likewise do not exclude governmental actors. *See id.* § 3-415(b)-(c). Plaintiffs contend that "[h]ad the General Assembly meant to exclude employees like Plaintiffs from MWHL's coverage, it could have easily included them in the exemption list." Opp'n Mot. Dismiss at 16, ECF No. 24.

5

Although Plaintiffs correctly note that the plain language of the applicable definition of "employer" does not foreclose the inclusion of governmental employers, their arguments overlook the fact that another part of the MWHL—not applicable to the overtime pay requirement—expressly includes governmental employers within its reach. Section 3-413 requires employers to pay at or above applicable minimum wage requirements and, in so doing, provides that for purposes of that section only, "'Employer' includes a governmental unit." Md. Code Ann., Lab. & Empl. § 3-413(a)(2). If the MWHL's general definition of employer were read to include governmental employers, then this explicit inclusion of "governmental unit" within the definition of employer would be redundant. Such a reading would violate the fundamental rule of statutory construction that courts "must interpret a statute as to give every word effect, avoiding constructions that render any portion of the language superfluous or redundant." *Stracke v. Estate of Butler*, 214 A.3d 561, 573 (Md. 2019) (quoting *Blondell v. Balt. City Police Dep't*, 672 A.2d 639, 644 (Md. 1996)).

The MWPCL requires that "[e]ach employer" pay its employees regularly, Md. Code Ann., Lab. & Empl. § 3-502(a), and that "[e]ach employer shall pay an employee . . . all wages due for work that the employee performed before the termination of employment," *id.* § 3-505(a). Although the County argues that the MWPCL does not apply to claims of unpaid overtime wages, its argument is based on outdated case law and ignores controlling precedent of the Court of Appeals of Maryland, which six years ago specifically interpreted these provisions to allow employees to seek unpaid overtime wages under the MWPCL. *See Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 625-26 (Md. 2014). As applicable to these provisions, the MWPCL's definition of "employer" states that "'Employer' includes any person who employs an individual in the State or a successor of the person." Md. Code Ann., Lab. & Empl. § 3-501(b). Again

asserting that this provision is merely additive, Plaintiffs argue that "employer" should be read to include governmental employers even though the definition includes only the term "person" and not one of the defined terms referring to a governmental entity. *See id.* § 1-101.

Just as with the MWHL, however, this argument fails to consider other textual evidence that the MWPCL's drafters did not intend for sections 3-502(a) and 3-505(a) to apply to governmental employers. Subsection 3-502(d), which provides a specific prohibition on employers printing employees' Social Security numbers on paychecks or similar documents, states that "[i]n this subsection, 'employer' includes a governmental unit." *Id.* § 3-502(d)(1). Again, reading the MWPCL to apply to governmental employers generally would impermissibly "render [a] portion of the language superfluous or redundant." *Stracke*, 214 A.3d at 573 (citation omitted). Taken on their own terms, the relevant provisions of the MWHL and the MWPCL are thus most fairly read as not applying to governmental employers.

This reading is bolstered by similar provisions throughout Maryland's Labor and Employment Article. "[B]ecause it is part of the context, related statutes or a statutory scheme that fairly bears on the fundamental issue of legislative purpose or goal must also be considered." *Montgomery Cty. v. Phillips*, 124 A.3d 188, 192 (Md. 2015) (quoting *Stoddard v. State*, 911 A.2d 1245, 1249-50 (Md. 2006)). In a provision requiring "[a]n employer" that provides paid leave to employees upon the birth of a child to provide that same paid leave to employees upon the adoption of a child, "employer" is defined to include not only "a person who acts directly or indirectly in the interest of another employer with an employee," the same language contained in the MWHL, but also "a unit of State or local government that employs individuals who are not subject to the provisions of Title 9, Subtitle 5 of the State Personnel and Pensions Article." Md. Code Ann., Lab. & Empl. § 3-801(a). Similarly, in a statute providing that "An employer may not discriminate

7

between employees in any occupation by . . . paying a wage to employees of one sex or gender identity at a rate less than the rate paid to employees of another sex or gender identity" who do similar work, *id.* § 3-304(b)(1), the term "Employer" is expressly defined as including "the State and its units," "a county and its units," and "a municipal government in the State," *id.* § 3-301(b)(1). Likewise, a statute providing that "[a]n employer" may not require polygraph tests of their employees as a condition of employment defines the term "employer" to include "the State," "a county," and "a municipal corporation in the State." *Id.* § 3-702(a), (c). All of these examples establish that the Maryland General Assembly clearly knew how to convey its intent for statutes relating to labor and employment to apply to governmental employers. The fact that it did not follow its convention and expressly include governmental employers in the relevant provisions of the MWHL and MWPCL demonstrates that it did not intend for the overtime requirements to apply to governmental employers. *See Phillips*, 124 A.3d at 192. Notably, Maryland has a separate overtime pay statutory scheme for state government employees. Md. Code Ann., State Pers. & Pens. §§ 8-301 to 8-309 (LexisNexis 2015).

Finally, this conclusion is consistent with the decisions of other judges in this District, who have uniformly held that the relevant provisions of the MWHL and the MWPCL do not apply to governmental employers. In *Koelker v. Mayor & City Council of Cumberland*, 599 F. Supp. 2d 624 (D. Md. 2009), the court held that a city government was not an employer under the MWHL, relying on a restrictive reading of both section 3-401(b)'s definition of "employer" and section 1-101's general definition of "person," as well as the express references to government employers in other Labor and Employment Article statutes' definitions of employer. *Koelker*, 599 F. Supp. 2d at 638-39; *see also Balt. City Lodge No. 3 of Fraternal Order of Police, Inc. v. Balt. Police Dep't*, No. ELH-16-3309, 2017 WL 3216775, at *12-13 (D. Md. July 28, 2017) (following *Koelker*

8

to hold that the Mayor and City Council of Baltimore City were not employers for purposes of the MWHL overtime provisions). This analysis was extended to the MWPCL on substantially similar grounds in *Carter v. Mayor & City Council of Baltimore*, No. WMN-07-3117, 2009 WL 10682095, at *3 (D. Md. June 18, 2009), and *Crystal v. Batts*, No. JKB-14-3989, 2015 WL 5698534, at *11 n.6 (D. Md. Sept. 25, 2015). In line with these decisions, and based on the analysis set forth above, this Court finds that the County is not covered by the provisions of the MWHL and MWPCL relating to overtime requirements. It will therefore dismiss Plaintiffs' claims under these statutes and consequently need not address the County's further arguments regarding these statutes.

## III. Sufficiency of the Allegations

The County also asserts that Plaintiffs' Complaint lacks sufficient specificity to state a claim for purposes of Rule 12(b)(6). It focuses in particular on Plaintiffs' failure to allege their dates of hire and termination, job descriptions, specific dates of overtime work, and the amount of overtime claimed. Plaintiffs point out that they have, in fact, provided their job descriptions and argue that they do not need to provide as much detail in the Complaint as the County asserts.

Both parties rely on the same case to support their arguments. In *Hall v. DIRECTV, LLC*, 846 F.3d 757 (4th Cir. 2017), the United States Court of Appeals for the Fourth Circuit addressed the pleading standard for a FLSA claim. Identifying a split among courts in the level of specificity required, the court adopted the "more lenient approach." *Id.* at 776-77. Under this standard, "a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." *Id.* at 777. While plaintiffs must "provide some factual context" and cannot "merely allege that they regularly worked in excess of

9

forty hours per week without receiving overtime pay," they need not "identify a *particular* week in which they worked uncompensated overtime hours." *Id.* In *Hall*, this standard was satisfied by the plaintiffs' allegations describing their employers' compensation scheme, "each Plaintiff alleging that he typically worked in excess (and, in some cases, well in excess) of forty hours per week," and the plaintiffs' estimates of their weekly hours and pay. *Id.* at 777-78.

Notably, *Hall* also held that plaintiffs "may meet this initial standard" "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or *any other facts* that will permit the court to find plausibility." *Id.* at 777 (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014)). Indeed, one of the examples that *Hall* gave of the "more lenient approach" was *Davis v. Abington Memorial Hospital*, 765 F.3d 236 (3d Cir. 2014), in which the court stated that "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice" to state a FLSA claim. *Id.* at 243.

Here, Plaintiffs have provided a comparable level of detail. In the Complaint, beyond her allegations describing her duties as an Administrative Aide and asserting that she "frequently works for [the County] in excess of 40 hours per week," Strange also provides details about the nature and length of some of her uncompensated overtime work. Am. Compl. ¶ 12. She explains that the County automatically deducts 30 minutes from her total daily hours to account for her lunch break, but that her "caseload often requires her to work through her lunch break." *Id.* ¶ 15. She further alleges that the County's managers have seen her working at her desk during lunch and have also received the products of this work. Strange also asserts that the County is aware of

10

her other after-hours overtime work because all of her time is tracked in the County's timekeeping system and because the County's managers see her working after the end of the business day and receive work product she completed during that time.

Likewise, Brooks describes her duties as a Victim/Witness Coordinator and alleges that she frequently worked over 40 hours a week without compensation for the extra hours. She describes the relevant payment system, including how she was required to "clock in and out of work each day using [the County's] timekeeping system, but she was paid for only 40 hours per week." Am. Compl. ¶ 23. She adds that the County was aware of her additional hours because its managers have access to the timekeeping records, saw her doing after-hours work at her desk, and received the products of this work. Even without specific figures on the number of overtime hours or amount of unpaid wages, particularly where they have alleged that timekeeping records exist to substantiate and quantify their claims, Plaintiffs have provided "other facts that will permit the court to find plausibility" as to "a reasonable inference that they worked more than forty hours in a given week." *Hall*, 846 F.3d at 777 (citations omitted). Though they will need to provide more detail to establish their claims going forward, they have met their burden at this stage.

The County also argues that Plaintiffs' FLSA claims should be dismissed because they have not alleged sufficient facts to show that the County had actual or constructive knowledge of their overtime work. "In order to be liable for overtime wages under the FLSA, an employer must have 'knowledge, either actual or constructive, of [that] overtime work.'" *Bailey v. Cty. of Georgetown*, 94 F.3d 152, 157 (4th Cir. 1996) (quoting *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)). The County, however, overlooks Plaintiffs' specific allegations that it was aware of their overtime hours because these hours were recorded in the County's timekeeping system, because the County's managers had seen them working at their desks during lunch and after hours,

11

and because these managers had seen the products of their overtime work. The Court there therefore finds that Plaintiffs' have sufficiently alleged plausible claims under the FLSA.

## IV. Statute of Limitations

Although the FLSA has a two-year statute of limitations, the limitations period is extended to three years if the defendant's violation is "willful." 29 U.S.C. § 255(a). In the Complaint, Plaintiffs allege willfulness and thus claim unpaid overtime wages stretching back three years, rather than two. The County argues that Plaintiffs' assertion of willfulness is insufficient for the extended statute of limitations to apply to their FLSA claims.

Because the statute of limitations is an affirmative defense, it is the County's burden—not Plaintiffs'—to plead it. Fed. R. Civ. P. 8(c) (stating that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . [the] statute of limitations"); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 (4th Cir. 2006) ("[T]he statute of limitations is an affirmative defense, meaning that the defendant generally bears the burden of affirmatively pleading its existence."). The Court therefore finds no basis to dismiss any parts of Plaintiffs' FLSA claims based on insufficient pleading of willfulness. *See Ford v. Karpathoes, Inc.*, No. ELH-14-0824, 2014 WL 6621997, at *9 (D. Md. Nov. 20, 2014) (denying, in a federal and state wage law case, the defendants' motion to dismiss on the basis of a failure to plead adequate facts as to willfulness "because the question of whether defendants' alleged violations were 'willful' is not an element of plaintiffs' claims" but rather an "anticipat[ion of] a limitations defense that defendants may raise").

Even if it were Plaintiffs' burden to plead sufficient facts as to willfulness, they have done so. An employer's violation of the FLSA is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin*

12

*v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). First, both Strange and Brooks generally allege that the County acted willfully in failing to pay them overtime. "At the pleading stage, a plaintiff need not allege willfulness with specificity." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902-03 (9th Cir. 2013) (holding that plaintiffs had adequately pleaded willfulness where they alleged that the defendants' violations were "deliberate, intentional, and willful"); *cf.* Fed. R. Civ. P. 9(b) (stating that even under a heightened pleading standard, "conditions of a person's mind may be alleged generally"). Second, Plaintiffs have also specifically alleged that they tracked overtime hours in the County's timekeeping system and that the County's managers both saw them working overtime and saw the products of their overtime work. Brooks in particular also alleges that the timekeeping system she was forced to use required her to track her daily hours but only authorized payment for 40 hours a week, no matter how many hours she worked. These allegations, taken as true, support the conclusion that the County knew that Plaintiffs were working overtime and that it was not compensating them for that overtime, and thus permit the reasonable inference that the County was either knowingly or recklessly disregarding the requirements of the FLSA. The Court will therefore deny the County's Motion seeking dismissal of FLSA claims based on work performed more than two years before the filing of the Complaint.

## V.     Collective Action Allegations

Plaintiffs' Complaint includes both FLSA collective action allegations and class action allegations as to the MWHL and MWPCL claims. Because the Court will dismiss the MWHL and MWPCL claims, it need not address those allegations. As to the FLSA collective action allegations, the County argues in its Motion that Plaintiffs have not adequately pleaded the required elements to certify a FLSA collective action. However, where Plaintiffs have not yet filed a motion

to certify a collective action and have stated that they need discovery before filing such a motion, the Court will deny the County's Motion without prejudice as to this issue.

## CONCLUSION

For the foregoing reasons, the County's Motion will be GRANTED IN PART and DENIED IN PART. It will be granted as to the MWHL and MWPCL claims, which will be dismissed with prejudice, and denied as to the FLSA claims. A separate Order shall issue.

Date: July 29, 2020



THEODORE D. CHUANG
United States District Judge

14